IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AZTEC MUNICIPAL SCHOOLS<br>BOARD OF EDUCATION,<br><br>        Plaintiff,<br><br>vs.<br><br>HENRY KING, DORA KING and<br>DOUG MOELLER,<br><br>        Defendants. | No. 6:08-cv-00183-PJK-WDS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of pending motions: Plaintiff Aztec Municipal Schools Board of Education's Motion for Summary Judgment filed April 17, 2009 (Doc. 47), and Attorney Doug Moeller's Motion to Withdraw as Counsel for Plaintiffs filed June 29, 2009 (Doc. 52).  Upon consideration thereof, the Plaintiff's motion for summary judgment will be denied, judgment will be entered for the Defendants, and attorney Moeller will be allowed to withdraw.

1. Background.  Plaintiff ("Board") filed its complaint for attorney's fees based upon a due process complaint initiated by Parents (Defendants Henry and Dora King) and their attorney (Defendant Doug Moeller).  The complaint alleges that Parents' claims contained in the due process complaint were improper,

frivolous and brought for an improper purpose of harassing the Board and that the due process complaint was frivolous, unreasonable and without foundation. Doc. 1 at 3, ¶¶ 14, 18. According to the complaint, this is so because the Defendants challenged the expulsion of their son and the Due Process Hearing Officer (DPHO) ruled that expulsion issues were not within her jurisdiction and the other claims in the complaint either had been addressed by the New Mexico Public Education Department or the Office of Civil Rights and could not be dealt with by the DPHO. Doc. 1 at 3, ¶ 14.

2. Discussion. The Board seeks summary judgment on its claims for attorney's fees. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Disputes about immaterial facts will not preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). As a movant who bears the burden of proof in its claim for attorney's fees, the Board was responsible for alerting the court to the basis of its summary judgment motion and identifying those portions of record demonstrating an absence of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In support of its motion, the Board has attached the Final Decision of the Due Process Hearing Officer (DPHO), and an affidavit from the Board's superintendent attesting to the costs and attorney's fees incurred in the due process hearing as well as the

subsequent appeal.  Doc. 48, Exs. A & B.  In response, Defendants admit most of the undisputed facts set forth by the Board, although they disagree with the relevance of those facts in regard to prior proceedings initiated by the Parents or the Board.  Doc. 48 at 1-3 (items 3, 4, 5, & 9).  To demonstrate that genuine issues of material fact exist concerning the motivation for the due process complaint and its preparation, Defendants provided an affidavit.  Doc. 51 (Moeller aff.).

3.  Applicable Provisions.   A court may award attorney's fees in its discretion to a prevailing educational agency and against an attorney of a parent "who files a complaint . . . that is frivolous, unreasonable, or without foundation."  20 U.S.C. § 1415(i)(3)(B)(II); 34 C.F.R. § 300.517(a)(ii) (2009).  A court may award attorney's fees in its discretion to a prevailing educational agency and against an attorney of a parent or a parent "if the parent's complaint . . . was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."  20 U.S.C. § 1415(i)(3)(B)(III); 34 C.F.R. § 300.517(a)(iii).

4.  Disposition.  The Board's evidentiary presentation falls far short of entitling it to summary judgment, let alone a discretionary award of attorney's fees, even assuming that it was a prevailing party as to certain claims.  Essentially, the Board maintains that the Parents' August 2007 due process complaint was improperly motivated because it was successive given a state-level

complaint filed with the New Mexico Public Education Department (NMPED) in February 2006, a discrimination complaint with the Office of Civil Rights (OCR) in June 2006, and a state-level complaint in August 2006. Doc. 48 at 6-7. Additionally, the Board argues that the due process claims were frivolous because the Parents failed to prove their case, some of the claims were vague, and they failed to submit proposed findings and conclusions on some of their theories. Doc. 48 at 5.

While it is true that Parents lost most issues on the merits, they prevailed on one. The DPHO found that the Student had been involved in an altercation in mid-March 2006 that resulted in his suspension. She further found that the District violated the Student's rights by removing him without complying with 20 U.S.C. § 1415(k)(1)(E). Doc. 48, Ex. A at 15, 21. The Board argues that Parents obtained no effective relief, yet the DPHO ordered the District "to diligently and strictly comply with all disciplinary provisions of IDEA 2004 when administering discipline to the Student for the remainder of his eligibility." Doc. 48, Ex. A at 23. Although the Board characterizes this as a "throw-away line from the . . . decision," Doc. 60 at 2, the DPHO commented on the District's "blatant disregard" of an important procedural protection. Doc. 48, Ex. A. at 21. The Board surely lost on this point.

The Board is not entitled to attorney fees against the Parents' attorney on the theory that the due process complaint was "frivolous, unreasonable or without

-4-

foundation." Merely because the Parents lost on most of their claims does not entitle the Board to attorney's fees. Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978) (warning against post hoc reasoning that because a plaintiff did not prevail, the action was unreasonable or without foundation). A careful review of the DPHO's decision indicates that she considered almost every issue[1] on the merits after the taking of evidence, particularly whether the conduct that led to the Student's expulsion was a manifestation of his disability. 20 U.S.C. § 1415(k)(1)(E); Doc. 48, Ex. A at 3-4 (identification of issues); id. at 18 ("The MDR decision is, however subject to review, and if the Parents had met their burden to overturn that decision, Student could not have been removed from his current placement without compliance with extensive procedural requirements governing disciplinary actions involving disabled students."). Merely because the Parents filed previous administrative complaints, participated in mediation, and declined settlement offers from the school district does not render the litigation without foundation. Particularly telling, the DPHO *denied* the school district's pre-hearing motion seeking partial dismissal of the due process complaint on collateral estoppel or res judicata grounds despite its arguments that several issues were barred by the OCR investigation and two NMPED investigations. Doc. 48,

---

[1] The DPHO declined to consider complaints of the peer harassment and lack of a proper response by the school district for lack of jurisdiction. Doc. 48, Ex. A at 1 n.1.

Ex. A at 3-4.

Moreover, the Board is not entitled attorney's fees against the Parents or their attorney on the theory that the complaint was improperly motivated. Statements of the Board's counsel to that effect hardly qualify as evidence entitling it to judgment, no matter how spirited. See Doc. 48 at 7; Doc. 60 at 4; see also Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir. 1992) (statements of counsel in a brief do not qualify as evidence). The court has rejected the argument that the complaint was successive and therefore unreasonable. The same underlying facts do not suggest improper motivation.[2]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

 (1)  Plaintiff Aztec Municipal Schools Board of Education's Motion for Summary Judgment filed April 17, 2009, is denied.

(2)  Attorney Doug Moeller's Motion to Withdraw as Counsel for Plaintiffs filed June 29, 2009 (Doc. 52 & duplicated in Doc. 59), is granted.

(3) Judgment will be entered in favor of Defendants; each party to bear its

---

[2] The court declines to express an opinion on whether fee shifting is appropriate in the appeal of the DPHO's decision, an action which ultimately was dismissed with prejudice on August 17, 2009 by the same party-defendants in this case. King v. Aztec Municipal Pub. Schools, 2:08-cv-00249-RB-WDS (D.N.M.). That case is now closed, apparently without a motion for attorney's fees by the Board. The court in no way condones the litigation conduct in that case, however, the complaint in this case is confined to fee-shifting regarding the due process complaint.

own costs.

*Paul Kelly J.*

DATED this 24th day of November 2009, at Santa Fe, New Mexico.

```
_____
```
United States Circuit Judge
Sitting by Designation

Counsel:

Jacquelyn Archuleta-Staehlin, Cuddy & McCarthy, LLP, Santa Fe, New Mexico for Plaintiff.

F.D. Moeller, Moeller Law Offices, Inc., Farmington, New Mexico, for Defendants.